

CALIFORNIA
**DEPARTMENT OF JUSTICE**

**Rob Bonta**
**Attorney General**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013-1230

Public: (213) 269-6000
Telephone: (213) 269-6524
E-Mail: Cara.Newlon@doj.ca.gov

July 8, 2026

**VIA ACMS**
Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:   *Chino Valley Unified School District v. Newsom*, No. 25-3686
       Citation of Supplemental Authority: *International Partners for Ethical Care v. Ferguson*, No. 25-840 (U.S.) and *Vitsaxaki v. Skaneateles Central Sch. Dist.*, No. 25-952, 2026 WL 1831552 (2d Cir. June 25, 2026)

Dear Ms. Dwyer:

Defendants write to notify the Court of two recent developments relevant to this appeal. First, the Supreme Court granted certiorari in *International Partners for Ethical Care v. Ferguson*, No. 25-840 (U.S.). That case presents a question of standing similar to the question presented here: whether plaintiffs alleged a sufficiently imminent injury-in-fact to challenge a Washington law that allowed minors to access gender-affirming care without parental notification or consent in youth shelters under certain circumstances. *See* Answering Br. 17-18. Resolution of that question will provide important guidance on whether the parent plaintiffs here have standing. It would be appropriate for the Court to hold this case in

July 8, 2026
Page 2

abeyance pending resolution of *International Partners*. *See, e.g.*, *California v. Trump*, No. 25-3493, Dkt. 67.1 (9th Cir. Sept. 12, 2025) (holding appeal in abeyance pending resolution of similar question by Supreme Court). Doing so would not prejudice plaintiffs because they are covered by an injunction in the *Mirabelli* case, *see* Dkt. 50.1, and remain free to seek other interim relief if necessary, *cf. City of Huntington Beach v. Newsom*, No. 25-3826, 2026 WL 1785110 (9th Cir. June 18, 2026).

Second, in *Vitsaxaki v. Skaneateles Central School District*, 2026 WL 1831552 at *1, the Second Circuit vacated in part and remanded in light of the Supreme Court's ruling in *Mirabelli v. Bonta*, 607 U.S. 492 (2026). *Vitsaxaki* involves claims similar to those advanced by plaintiffs in this case: a parent's substantive due process and free exercise challenge to her school district's policy of referring to a student with the name and pronouns that reflect their gender identity without parental notification. *Id.* The Second Circuit vacated and remanded "for the court to consider how *Mirabelli* may affect the analysis in the first instance." *Id.* *Mirabelli* addressed standing questions similar to those presented here. *See, e.g.*, 607 U.S. at 498. If the Court does not hold this case in abeyance, a remand like that in *Vitsaxaki* would also be appropriate. *See, e.g.*,

July 8, 2026
Page 3

*Gonzales v. U.S. Dep't of Homeland Sec.*, 712 F.3d 1271, 1272-1273 (9th Cir.

2013) (vacating and remanding to address intervening authority).

Sincerely,

*/s/ Cara M. Newlon*

CARA M. NEWLON
Deputy Solicitor General

For   ROB BONTA
Attorney General
